**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4454

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HENRY FRANKLIN STUCK,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-04-184)

Submitted: August 25, 2005          Decided: August 31, 2005

Before TRAXLER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Carl J. Roncaglione, Jr., Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Susan M. Arnold, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Henry Franklin Stuck appeals from the fourteen-month sentence imposed by the district court following his plea of guilty to possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2000). On appeal, he contends that the court erred in considering relevant conduct in determining his advisory sentencing range under the U.S. Sentencing Guidelines Manual. Finding no error, we affirm.

Although the Sentencing Guidelines are no longer mandatory, the Supreme Court has made clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." United States v. Booker, 125 S. Ct. 738, 767 (2005). A district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (applying Booker on plain error review). The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47. We have reviewed the record, including the Sentencing Guidelines recommendation and Stuck's

criminal history, and we cannot conclude that the district court's imposition of sentence was unreasonable.

Accordingly, we affirm Stuck's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED